## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STANLEY L. SHARPS, #441-634 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-16-3069 |
| DEBORAH RICHARDSON, Director, | * | |
| THOMAS FITZGERALD, Deputy Director, | | |
| SHARON TYLER, | * | |
| STEPHEN VERCH, | | |
| | * | |
| Defendants | | |

*** 

### MEMORANDUM

Stanley Sharps is a Muslim detainee at the Baltimore County Detention Center ("BCDC). *See State of Maryland v. Stanley Leon Sharps*, Case No. 03k16002715 (Cir. Ct. for Baltimore County); http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=03K16002715 &loc=55&detailLoc=K.  Sharps filed this complaint on September 2, 2016.  ECF 1.

The gravamen of Sharps' complaint is that the vegetarian diet at BCDC consists of a repetition of the same of meals.  Sharps explains that when he asked to be placed on a Halal or Kosher religious diet, he was informed there was no such diet, but no pork is served to BCDC inmates.[1] ECF 1.   Sharps  decided  to  follow  the  prison  vegetarian  diet  instead.   Sharps complained to unnamed correctional staff that the vegetarian fare consists of the same repetition of meals, but they ignored his complaints. *Id*.

Based on these allegations, Sharps generally asserts that defendants violated his rights

---

[1]    Nowhere does Sharps claim the meals provided by the BCDC violate the tenets of his faith or interfere with his religious practice.

under the First and Eighth Amendments [2] of the Constitution.  He seeks $250,000 for pain and suffering and $50,000 against each defendant for negligence.  *Id.* Additionally, Sharps has filed a motion for leave to proceed in forma pauperis which will be granted for the purpose of preliminary screening of the complaint.  ECF 2.

The in forma pauperis statute, 28 U.S.C. §1915, permits an indigent litigant to commence an action in federal court without prepaying the filing fee.  To protect against possible abuse of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b)(1). For reasons to follow, the complaint will be granted under this standard.

The court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Sharps, s*ee Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and in evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean ignoring a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990); *see also United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (observing that while federal courts must liberally construe a pro se litigant's claims, this requirement "does not transform the court into an advocate."); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

"[I]nmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted).  Here,

---

[2]   As a pretrial detainee, Sharps claims concerning conditions of his confinement arise under the Due Process Clause of the Fourteenth Amendment to the Constitution.  *Kingsley v Hendrickson,* 135 S.Ct. 2466, 2477 (2015), citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Sharps does not allege the meals he is receiving violate his religious practices, are nutritionally inadequate, he is deprived of meals, or the meals have caused him physical harm.  Instead, Sharp's complaint is the meal option he has chosen consists of a repetition of the same foods.

Muslim inmates are entitled to pork-free diets in conformance with their religious beliefs. *Ross v. Blackledge*, 477 F.2d 616 (4th Cir.1973).  Where an inmate is not asked to choose between violating a religious precept or depriving himself of adequate nutrition and an alternative meat-free diet is available that is acceptable under Islamic law, there is no violation of the First Amendment or the Religious Land Use and Institutionalized Persons Act. ("RLUIPA"). *See Turner-Bey v. Maynard*, 2012 WL 4327282 (Md. September 18, 2012).

In *Turner–Bey*, this court considered whether the lacto-ovo diet provided by the Maryland Department of Correction ("DOC") to Muslim inmates in lieu of a Halal diet constituted an undue burden on the free exercise of religion by Muslim inmates. The court reasoned that Muslim inmates were "not asked to choose between violating a religious precept or depriving [themselves] of adequate nutrition; an alternative meat-free diet is available that is acceptable under Islamic law." *Turner–Bey*, 2012 WL 4327282, at *8.  Other courts have held similarly.  *See e.g. Boyd v. Lehman*, No. C05–0020–JLR, 2006 WL 1442201, at *10 (W.D. Wash. May 19, 2006) (finding no substantial burden on exercise of religious beliefs because "[t]he ovo-lacto vegetarian diet which is provided to plaintiff does not require him to eat foods which are forbidden by his religion, it simply denies him one component of the diet which he contends should be provided."); *Abdul–Malik v. Goord*, No. 96 CIV. 1021(DLC), 1997 WL 83402, at *6–7 (S.D.N.Y. Feb. 27, 1997) (finding a Muslim inmate's rights were not violated by the prison's failure to provide Halal meat because a Muslim may eat an exclusively vegetarian diet without violating his religion).

3

Of import, Sharps does not claim the vegetarian diet is unacceptable to him as a practicing Muslim.  Quite simply, he is bored with the vegetarian diet. There is, however, no constitutional right to culinary variety.   Because no cognizable federal claim presented, this case must be dismissed without prejudice.   A separate order follows.


  September 29, 2016                              ___/s/_____
Date                                                  J. Frederick Motz
                                                      United States District Judge